UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXIM INTEGRATED PRODUCTS, INC.,

      Plaintiff,

v.

HSBC BANK USA, NATIONAL
ASSOCIATION, and HSBC TECHNOLOGY
& SERVICES (USA) INC.,

      Defendants.

**15 CV 2168**

CASE NO.:

MAR 2 3 2015


U.S.D.C. S.D. N.Y.

**COMPLAINT FOR PATENT
INFRINGEMENT**

DEMAND FOR JURY TRIAL

COPY

      Maxim Integrated Products, Inc. ("Maxim") hereby alleges for its Complaint for patent infringement against defendants HSBC Bank USA, National Association ("HBUS"), and HSBC Technology & Services (USA) Inc. ("HTSU") (HBUS and HTSU are collectively referred to as "HSBC" or "Defendants" herein), on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## THE PARTIES

      1.    Plaintiff Maxim is a corporation organized and existing under the laws of the state of Delaware with a place of business at 160 Rio Robles, San Jose, CA.

      2.    On information and belief, defendant HBUS is a bank existing and chartered under the authority of the National Bank Act. HBUS is doing business in the Southern District of New York, and has its operational headquarters in New York, New York.

      3.    On information and belief, defendant HTSU is a corporation organized and existing under the laws of the state of Delaware. HTSU is doing business in the Southern District of New York, has a place of business in the state of Illinois, and its Chief Executive

1

Officer is located in New York, New York.

## JURISDICTION AND VENUE

4.      This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Maxim does business in New York and this district, including making available its semiconductor products for sale in New York and this district.

7.      This Court has personal jurisdiction over HBUS pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3).  This Court has general and specific personal jurisdiction over HBUS.  HBUS has substantial contacts with the forum as a consequence of conducting substantial business in the State of New York and within this district.  On information and belief, HBUS maintains branches within New York and this District; has transacted business in New York and/or in this district, including through the branches that it maintains within New York and this district; offers for sale, sells, and advertises its products and services utilizing the claimed systems and methods with and for customers residing in New York, including within this district; and provides products and services directly to consumers in New York, including within this district.  HSBC has committed and continues to commit acts of patent infringement in New York and this district.  HBUS maintains its operational headquarters in New York, New York.

8.      This Court has personal jurisdiction over HTSU pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3).  This Court has general and specific personal jurisdiction over HTSU.  HTSU has substantial contacts with the forum as a consequence of conducting substantial business in the State of New York and within this district.  On information and belief, HTSU maintains

2

offices within New York and this District; has transacted business in New York and/or in this district, including through offices that it maintains within New York and this district; offers for sale, sells, and advertises its products and services utilizing the claimed systems and methods with and for customers residing in New York, including within this district; and provides products and services directly to consumers in New York, including within this district. HTSU has committed and continues to commit acts of patent infringement in New York and this district. HTSU's Chief Executive Officer is located in this district.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, *inter alia*, a substantial part of the events giving rise to the claims against Defendants occurred and are occurring in this district, and/or because Defendants have regular and established practices of business in this district and have committed acts of infringement in this district.

## THE ASSERTED PATENTS

10.      On August 17, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,940,510 ("the '510 Patent"), entitled "Transfer of Valuable Information Between a Secure Module and Another Module," to Stephen M. Curry, Donald W. Loomis, and Michael L. Bolan.  A copy of the '510 Patent is attached to the Complaint as Exhibit A.

11.      The '510 Patent is directed to a system for communicating data securely, such as for secure mobile financial transactions, including a coprocessor for processing encryption calculations and a real time clock circuit for time stamping data transactions.

12.      On August 15, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,105,013 ("the '013 Patent"), entitled "Method, Apparatus,

System, and Firmware for Secure Transactions," to Stephen M. Curry, Donald W. Loomis, and Christopher W. Fox. A copy of the '013 Patent is attached to the Complaint as Exhibit B.

13.    The '013 Patent is directed to a secure transaction integrated circuit including a microcontroller core; a modular exponentiation accelerator circuit or a math coprocessor for performing or handling encryption and decryption calculations; an input/output circuit for exchanging data information with an electronic device; and real-time clock or a clock circuit for providing a time measurement.

14.    On May 22, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,237,095 ("the '095 Patent"), entitled "Apparatus for Transfer of Secure Information Between a Data Carrying Module and an Electronic Device," to Stephen M. Curry, Donald W. Loomis, and Christopher W. Fox. A copy of the '095 Patent is attached to the Complaint as Exhibit C.

15.    The '095 Patent is directed to an apparatus for receiving and transmitting encrypted data, such as for secure transfers of financial information.

16.    Maxim is the owner by assignment of all rights, title, and interest to and in the '510, '013, and '095 Patents (collectively, the "Asserted Patents").

## COUNT I:  Infringement of the '510 Patent

17.    Maxim incorporates and realleges paragraphs 1 – 16 above as if fully set forth herein.

18.    On information and belief, HBUS, HTSU, and/or HSBC have infringed and continue to infringe one or more claims of the '510 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States and without authority products, devices, systems, and/or components of

4

systems that embody the patented invention, including for example products, devices, systems and/or components of systems that include or make use of the "HSBC Mobile Banking" smartphone applications.  When, for example, these applications are installed on a portable computing device, such as Android or iOS™ devices, and combined with components of HBUS's, HTSU's, and/or HSBC's banking infrastructure for performing secure financial transactions, the resulting systems are made and/or used, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '510 Patent.

19.     Maxim has suffered damages as a result of HBUS's, HTSU's, and/or HSBC's infringement of the '510 Patent.   In addition, Maxim will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting HBUS, HTSU, and HSBC, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '510 Patent.

## COUNT II:  Infringement of the '013 Patent

20.     Maxim incorporates and realleges paragraphs 1 – 19 above as if fully set forth herein.

21.     On information and belief, HBUS, HTSU, and/or HSBC have infringed and continue to infringe one or more claims of the '013 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States and without authority products, devices, systems, and/or components of systems that embody the patented invention, including for example products, devices, systems and/or components of systems that include or make use of the "HSBC Mobile Banking" smartphone applications.  When, for example, these applications are installed on a portable computing device, such as Android or iOS™ devices, the resulting systems are made and/or used,

thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '013 Patent.

22.     Maxim has suffered damages as a result of HBUS's, HTSU's, and/or HSBC's infringement of the '013 Patent.   In addition, Maxim will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting HBUS, HTSU, and HSBC, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '013 Patent.

**COUNT III:  Infringement of the '095 Patent**

23.     Maxim incorporates and realleges paragraphs 1 – 22 above as if fully set forth herein.

24.     On information and belief, HBUS, HTSU, and/or HSBC have infringed and continue to infringe one or more claims of the '095 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States and without authority products, devices, systems, and/or components of systems that embody the patented invention, including for example products, devices, systems and/or components of systems that include or make use of the "HSBC Mobile Banking" smartphone applications.   When, for example, these applications are installed on a portable computing device, such as Android or iOS™ devices, the resulting systems are made and/or used, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '095 Patent.

25.     Maxim has suffered damages as a result of HBUS's, HTSU's, and/or HSBC's infringement of the '095 Patent.   In addition, Maxim will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting HBUS, HTSU, and

HSBC, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '095 Patent.

## PRAYER FOR RELIEF

For the above reasons, Maxim respectfully requests that this Court grant the following relief in favor of Maxim and against HBUS, HTSU, and HSBC:

(a) A judgment in favor of Maxim that HBUS, HTSU, and HSBC have infringed (either literally or under the doctrine of equivalents) one or more claims of the Asserted Patents;

(b) A permanent injunction enjoining HBUS, HTSU, and HSBC and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with HBUS, HTSU, and/or HSBC, from infringing the Asserted Patents;

(c) A judgment and order requiring HBUS, HTSU, and HSBC to pay Maxim its damages, in no event less than a reasonable royalty, costs, expenses, and pre-judgment and post-judgment interest for HBUS's, HTSU's, and HSBC's infringement of the Asserted Patents;

(d) A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Maxim its reasonable attorney fees; and

(e) Any and all such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Maxim demands a trial by jury of this action.


Dated:      March 23, 2015

Respectfully submitted,

By:  *Dmitry Kheyfits*

Dmitriy Kheyfits
dkheyfits@kheyfitsmaloney.com
Michael James Maloney
mmaloney@kheyfitsmaloney.com
KHEYFITS & MALONEY LLP
1140 Avenue of the Americas, 9th Floor
New York, New York  10036
Tel. (212) 203-5399
Fax. (212) 203-6445

Matthew D. Powers
(pending admission *pro hac vice*)
Steven S. Cherensky
(pending admission *pro hac vice*)
William P. Nelson
(pending admission *pro hac vice*)
Sam Y. Kim
(pending admission *pro hac vice*)
Robert L. Gerrity
(pending admission *pro hac vice*)
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Phone:  (650) 802-6000
Fax:  (650) 802-6001
Email:
matthew.powers@tensegritylawgroup.com
steven.cherensky@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
sam.kim@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com

*Attorneys for Plaintiff,*
*Maxim Integrated Products, Inc.*